**Harvey Drinkwine and Helen Drinkwine v. State of Vermont**

[300 A.2d 616]

No. 75-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 6, 1973

*Langrock & Sperry,* Middlebury, for Plaintiffs.

*Kimberly B. Cheney,* Attorney General, and *Richard M. Finn,* Assistant Attorney General, for Defendant.

**Keyser, J.** The plaintiffs brought a bill of complaint to Addison County Court on April 26, 1971, seeking injunctive relief against the defendant, State of Vermont, to restrain the operation of the pumps and drilled wells located on its property in Salisbury, Vermont, used as a fish hatchery.

Previously, on April 1, 1970, the plaintiffs brought a bill of complaint for the issuance of an injunction against the defendants based upon the same claim set forth in the instant case. The trial court dismissed that complaint for failure to state a cause of action. The sole issue there was, as here, whether the doctrine of absolute ownership of percolating waters should be modified in Vermont to include a standard of reasonable care because of changed environmental conditions. On appeal to this Court the judgment was affirmed. See *Drinkwine* v. *State,* 129 Vt. 152, 274 A.2d 485 (1970).

In the instant case the defendant denied all substantive allegations in the complaint and also pleaded in defense, *inter alia,* that the complaint failed to sufficiently state a cause of action and that the same subject matter was adjudicated in the prior action between the same parties.

Upon hearing the case on the pleadings and arguments of counsel, the court entered judgment dismissing the complaint for failure to state a cause of action. It is from this judgment order that the plaintiffs have appealed to this Court.

The issue raised by plaintiffs' appeal is basically the same as in the prior action—should this Court modify the doctrine of absolute ownership of percolating waters in the light of changed environmental conditions? The defendant's counterstatement of issues specifies two—(1) failure of the plaintiffs' complaint to establish a causal relationship between the pumping activities of the defendant and depletion of plaintiffs' water supply, and (2) *res judicata.*

The court having decided the case on the pleadings we must look to the allegations in the complaint for the pertinent facts to determine the correctness of the ruling below.

The plaintiffs make the following allegations in their complaint. The plaintiffs own property located near the premises owned by the State known as the Salisbury Fish Hatchery. Prior to November 1, 1969, the State drilled certain wells on its property and on or about that date the wells were put into operation. The State pumped unreasonable quantities of water from its wells for use at the State Fish Hatchery. The amount of water pumped reached as much as 900 gpm. The plaintiffs have rights to and use certain springs easterly of their home buildings which are used for human and animal sustenance. Prior to the operations of the fish hatchery they never suffered from a shortage of percolating waters in their springs. Shortly after November 1, 1969, the level of the spring water began to fall and continued to do so. As a direct and proximate result of the unreasonable actions of the State in taking large quantities of water and in lowering the water table in and around Salisbury, plaintiffs' spring waters have been drawn away and dried up. The amount of percolating water available in and around the town of Salisbury is insufficient to meet the reasonable needs and requirements of the plaintiffs. Water in Vermont must now be considered a scarce commodity due to the increase in population and the increase in industrial and other water needs since 1855. As a result of the unreasonable use by the State of water underneath its lands, the plaintiffs have suffered great damage.

The bill prays that an injunction issue against the State and the Department of Fish and Game from continuing to operate its pumps and wells in Salisbury.

There is some variation and enlargement of the allegations in the complaint in the instant case from what appeared in the complaint in the previous case. In substance, however, they are essentially the same. Each action seeks the identical injunctive relief and further seeks to establish the identical doctrine of reasonable use by a landowner of percolating water underground on his property in lieu of the long established law of this State.

The plaintiffs concede in their brief that this Court has adopted the rule that percolating waters in this jurisdiction are owned absolutely by the owners of the land through

which the water percolates. This has been the well-established rule in Vermont since 1855. *Chatfield* v. *Wilson*, 28 Vt. 49 (1855); *Drinkwine* v. *State, supra*, 129 Vt. at 153–54.

The plaintiffs by their complaint are seeking to change the law in the abstract, in other words, they are posing an abstract question of law and not seeking a remedy.

Whatever remedy may be available to the plaintiffs, it can only be for damages to their property in a case properly pleaded and proved and not by way of an injunction to prohibit the defendant from pumping water from the wells on its own property.

We adhere to the rule stated in the former *Drinkwine* case and prior cases there referred to that no correlative rights exist between adjoining landowners in percolating waters. The substance of plaintiffs' claim yields no relief under our present law.

*Judgment affirmed.*